UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROL E. HOLLAND,

      Plaintiff,

vs.                                        Case No. 3:05-cv-126-J-HTS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

<u>O R D E R</u>[1]

On June 21, 2005, the Court entered a Scheduling Order (Doc.
#12) directing Plaintiff to file her "memorandum of law in support
of the Civil Complaint within sixty (60) days[.]" After she failed
to do so, on September 20, 2005, Ms. Holland was given an
additional ten days in which to submit the memorandum. Order (Doc.
#14). Finally, on October 12, 2005, having received no reply, the
Court entered an order giving Plaintiff eleven days "to show cause
why this action should not be dismissed for failure to prosecute."
Order (Doc. #19; Order to Show Cause).

On November 21, 2005, long after the deadline had passed, an
untitled document (Doc. #20; Response) was filed in reply to the
Order to Show Cause. It represents Plaintiff "was not aware of the
fact that [she] had to file" a memorandum. *Id.* at 1. In addition,
Ms. Holland asks that the Court "provide [her] with legal counsel
to help [her] with [her] case[.]" *Id.*

_____

[1]     The parties consented to the exercise of jurisdiction by a United
States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of
Jurisdiction by a United States Magistrate Judge (Doc. #16).

Under 28 U.S.C. § 1915(e)(1), the Court has discretion to "request an attorney to represent any person unable to afford counsel" in a civil action.  However,

> "A civil litigant . . . has no absolute constitutional right to the appointment of counsel.  The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."

*Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted)).

In the present case, the Court is not of the view that exceptional circumstances currently exist to justify appointment of counsel as the issues presented are not novel or complex.  As such the request for counsel contained in the Response is **DENIED.**[2]  Ms. Holland will be given one final opportunity to file her memorandum.  She shall do so on or before December 29, 2005, and should be aware that failure to comply with this Order will result in the dismissal of her case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of November, 2005.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

---

[2]     As Plaintiff was informed at the administrative level, "[t]here are groups that can help [her] find a lawyer or give [her] free legal services if [she] qualif[ies].  There are also lawyers who do not charge unless [an appeal is successful]. [The] local Social Security office has a list of groups that can help[.]"  Transcript of Administrative Proceedings at 47.

Copies to:

Counsel of record
      and *pro se* parties, if any